## HORTON v. BINGHAMTON PRESS CO.

(Supreme Court, Appellate Division, Third Department.   November 13, 1907.)

**1. LIBEL—DEFINED.**

Libel is a malicious defamation, expressed either in printing or writing, tending to blacken the reputation of one who is alive, and to expose him to public hatred, contempt, or ridicule.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 1.

For other definitions, see Words and Phrases, vol. 5, pp. 4116–4125.]

**2. SAME—IMPUTING UNCHASTITY.**

A publication that plaintiff's daughter resided with her parents in a certain block, the block being known as a resort for prostitutes, does not warrant an inference by the jury that the plaintiff was charged with being a prostitute, for any such inference is counterbalanced by the fact that she was living there with her husband and daughter.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 78.]

**3. SAME.**

A publication that plaintiff was the housekeeper for a man who was a criminal does not authorize the inference that she was his mistress, or that she was a person of immoral character.

**4. SAME—RIDICULE OR CONTEMPT—QUESTION FOR JURY.**

Whether a publication that plaintiff resided in a block which was the resort of prostitutes tended in any way to hold her up to ridicule or contempt is a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 356–364.]

**5. SAME.**

Whether a publication that plaintiff's husband had obtained a divorce from her, which was false, did impute to her a fault or wrong which would tend to hold her up to contempt and scorn in the community, is a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 356–364.]

Appeal from Trial Term, Broome County.

Action by Anna L. Horton against the Binghamton Press Company. From an order setting aside a verdict for plaintiff and granting a new trial, on the ground that the verdict was contrary to law, plaintiff appeals.   Order affirmed.

Appeal by plaintiff from an order setting aside the verdict of the jury heretofore rendered in behalf of the plaintiff and granting a new trial on the ground that the verdict is contrary to law, which order was entered in the Broome county clerk's office on the 3d day of January, 1907.

The action is brought to recover damages for libel.  Upon the 15th day of May, 1905, the defendant published an article referring mainly to the plaintiff's daughter.  The heading of the article is as follows:  "Binghamton Girl Fiancée of Mr. Croker.  Allegation of Miss Horton.  She Says She was to be Married to Him.  Family Says 'No.'  Was in Charge of News Stand Here."  The parts of the article claimed to be libelous to the plaintiff are three in number:

(1) It was stated that Miss Horton resided with her parents for some time in the city of Binghamton "in the Horton block on North Chenango street, and also on Washington street."

(2) That this plaintiff was divorced from a man named Neal, he securing the divorce in Pennsylvania.

(3) That while this plaintiff was housekeeper for Druggist Wheeler, and after his arrest on the charge of attempting to burn his place of business in Lestershire, he killed himself with a quick poison, which he had concealed in his clothes.

The complaint further alleges that the article is libelous "because the said Horton block on North Chenango street is, and was at the time of said publication, and for some years prior thereto, had been, a notorious resort of prostitutes; that this plaintiff never resided in said Horton block so mentioned in said publication." It is further alleged "that Washington street, in said city of Binghamton, the place mentioned in said article, is, and was at that time and at the time referred to in said publication, a resort for prostitutes, and that the intent and meaning of said publication was that this plaintiff had resided in a resort or resorts for prostitutes, and was a prostitute herself, and that that portion of said publication referring to her as the housekeeper of said Wheeler was intended to and did convey the idea to the public that she had been the mistress of said Wheeler and was a person of bad character."

Evidence was given to the effect that the Horton block on Chenango street had the reputation of being a resort for prostitutes, and that a certain portion of Washington street had a similar reputation. It was further shown that, instead of the plaintiff's husband having procured a divorce from her, she procured a divorce from her husband; and it was further shown that she was not the housekeeper for the man Wheeler at the time he committed suicide, as was alleged in the article.

The trial court charged the jury that the only question submitted to them was whether plaintiff was damaged by the statement that she had lived with her husband and daughter in the Horton block and on Washington street, and he left it to the jury to determine whether such a charge tended to show that the plaintiff herself was a prostitute, and, if so, they were allowed to give her such damages as they thought proper. The jury returned with a verdict of $5,000. Upon a motion that the verdict be set aside, the trial court granted an order setting aside the verdict. The material portions of the order read as follows:

"It appearing that the article complained of is not susceptible of the meaning ascribed to it, and that, considering the whole scope and object of the article, unchastity or other misconduct or impropriety on the part of the plaintiff cannot be legitimately inferred from the natural meaning and import of the language used, and the court should have held as a matter of law that the publication was not libelous, * * * ordered that the verdict herein be set aside and a new trial of the action be, and the same is hereby granted because the verdict is contrary to law."

From this order setting aside the verdict the plaintiff has appealed to this court.

Argued before SMITH, P. J., and CHESTER, KELLOGG, and COCHRANE, JJ.

Wheeler & Gross (John T. Wheeler, of counsel), for appellant.

T. B. & L. M. Merchant (T. B. Merchant, of counsel), for respondent.

SMITH, P. J. Libel has been defined as a malicious defamation, expressed either in printing or writing, tending to blacken the reputation of one who is alive, and to expose him to public hatred, contempt, or ridicule. We are unable to find any warrant in the article published for the inference by the jury that the plaintiff was charged with being a prostitute. Any inference that she was a prostitute, that may be drawn from the charge that she lived in a block which was the resort of prostitutes, would seem to be fully counterbalanced by the fact that she was living there with her husband and daughter. The charge

that she was the housekeeper of a man who himself was a criminal does not authorize the inference that she was his mistress, or that she was a person of immoral character.

From the article published two facts might have been submitted to the jury: First, whether the allegation that plaintiff resided in a block which was the resort of prostitutes tended in any way to hold her up to ridicule or contempt. If so, the jury might have been instructed that she was entitled to damages. Second, whether the allegation that her husband had obtained a divorce from her, which was false, did impute to her a fault or wrong which would tend to hold her up to contempt and scorn in the community. If so, the jury might have been charged that she was entitled to damages for such publication.

Whatever may be the grievance of the daughter against this defendant, we can see no other cause of complaint which this plaintiff may have, and, as these questions were not submitted to the jury for their determination, the order for a new trial was properly granted, and should be affirmed, with costs.

Order affirmed, with costs. All concur.